**FILED**
OCT 1 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LILIA ARIAS, )
)
　　　　Plaintiff, )
) **05C 5940**
　　v. )
)
CHICAGO POLICE OFFICER MIKE ALLEGRETTI )
AND THE CITY OF CHICAGO, )
)
　　　　Defendants. ) JURY TRIAL DEMANDED

JUDGE GETTLEMAN
MAGISTRATE JUDGE SCHENKIER

## COMPLAINT

NOW COMES Plaintiff, LILIA ARIAS, by her attorneys, LOEVY & LOEVY, and complaining of Defendants, CHICAGO POLICE OFFICER MIKE ALLEGRETTI AND THE CITY OF CHICAGO, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

### Background

4. Plaintiff, Lilia Arias, is a 24 year-old resident of Chicago, Illinois.

5. In November 2004, Plaintiff was driving westbound on Foster Avenue when she was pulled over by Defendant Chicago Police Officer Mike Allegretti. Defendant Allegretti instructed Plaintiff to park her vehicle in a nearby parking lot and transferred her in his vehicle to the police station.

6. During the course of the stop and subsequent seizure in which Plaintiff was taken into police custody, Defendant Allegretti subjected Plaintiff to unjustifiable, sexually harassing, and abusive behavior.

7. Throughout the seizure, Defendant Allegretti abused his police power and threatened criminal prosecution in an effort to coerce sexual activity. Plaintiff Arias refused to comply, and was eventually released from police custody.

8. The same day Plaintiff reported the misconduct to the Chicago Police Department. Based on information and belief, the Department allowed Defendant Allegretti to remain on patrol duty for approximately six months until another woman complained of similar harassment and he was finally removed from active patrol duty.

9. Based on information and belief, in August 2005, Defendant Allegretti was arrested and charged with bribery and official misconduct stemming from his above-described conduct.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment

10. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

11. As described in the preceding paragraphs, Defendant Allegretti engaged in harassing and abusive behavior in the course of the seizure of Plaintiff in violation of the United States Constitution.

12. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

14. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of unreasonable seizures can be confident that

the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in an unreasonable seizure in violation of the Fourth Amendment;

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain any records which are more than seven years old documenting allegations of Fourth Amendment violations against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

4

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

15.  As a result of unjustified and unreasonable conduct of Defendant Allegretti, as well as the City's policy and practice, Plaintiff has suffered injuries, including emotional distress.

16.  The misconduct described in this Count was undertaken by Defendant Allegretti within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### COUNT II - State Law Claim
### Assault

17.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

18.  As described in the preceding paragraphs, the conduct of Defendant Allegretti created in Plaintiff a reasonable

apprehension of imminent harm, undertaken willfully and wantonly, and proximately causing Plaintiff's injuries.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

### Count III - State Law Claim
### Respondeat Superior

20. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

21. In committing the acts alleged in the preceding paragraphs, Defendant Allegretti was a member and agent of the Chicago Police Department acting at all relevant times within the scope of his employment.

22. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT IV - State Law Claim
### Indemnification

23. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

24. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

25. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, LILIA ARIAS, respectfully requests that this Court enter judgment in his favor and against Defendants, DEFENDANT ALLEGRETTI and THE CITY OF CHICAGO, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT ALLEGRETTI in his individual capacity, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, LILIA ARIAS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Amanda Antholt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

7