IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LILIA ARIAS AND MALGORZATA SOROKOSZ ) ) ) | |
| ) | 05 C 5940 |
| Plaintiffs, ) ) | Judge Gettleman |
| v. ) ) | |
| CHICAGO POLICE OFFICER MIKE ALLEGRETTI AND THE CITY OF CHICAGO, ) ) ) ) | Magistrate Judge Schenkier |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## **AMENDED COMPLAINT**

NOW COME Plaintiffs, LILIA ARIAS and MALGORZATA SOROKOSZ, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, CHICAGO POLICE OFFICER MIKE ALLEGRETTI AND THE CITY OF CHICAGO, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

### Background

4. Plaintiff, Lilia Arias, is a 24 year-old resident of Chicago, Illinois.

5.   Plaintiff, Malgorzata Sorokosz, is a 26 year-old resident of Chicago, Illinois

6.   On November 30, 2004, Plaintiff Lilia Arias was driving westbound on Foster Avenue when she was pulled over by Defendant Chicago Police Officer Mike Allegretti. Defendant Allegretti instructed Arias to park her vehicle and transferred her in his vehicle to go the police station.

7.   During the course of the stop and subsequent seizure in which Arias was taken into police custody, Defendant Allegretti subjected Arias to unjustifiable, sexually harassing, and abusive behavior.

8.   Throughout the seizure, Defendant Allegretti abused his police power and threatened criminal prosecution in an effort to coerce sexual activity. Arias refused to comply, and was eventually released from police custody.

9.   Later that same day Arias reported the misconduct to the Chicago Police Department.

10.  Nonetheless, the Department allowed Defendant Allegretti to remain on patrol duty.

11.  Other than interviewing Arias, the Chicago Police Department did not investigate her complaint of sexual misconduct by the officer. The Department did not interview Allegretti or even notify him that the a complaint had been made against him.

12.  On May 24, 2005, Plaintiff Sorokosz was on her way to work when she was pulled over by Defendant Allegretti.

13. Throughout the seizure, Defendant Allegretti subjected Sorokosz to unjustifiable sexual harassment and assault. Defendant Allegretti abused his police power by offering her leniency on the traffic citations in an effort to coerce sexual activity.

14. When Defendant Allegretti asked Sorokosz to follow him in her car, she initially did so. However, after turning into an alley, Sorokosz stopped her vehicle and called 911. When Sorokosz refused to follow Allegretti any further, he threw her insurance card back at her, returned to his car, and drove away.

15. Thereafter, in August 2005, Defendant Allegretti was arrested and charged with bribery and official misconduct stemming from his above-described conduct.

## Count I - 42 U.S.C. § 1983

### Fourth Amendment

16. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

17. As described in the preceding paragraphs, Defendant Allegretti engaged in harassing and abusive behavior in the course of the seizures of Plaintiff Arias and Plaintiff Sorokosz in violation of the United States Constitution.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of unreasonable seizures can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in an unreasonable seizure in violation of the Fourth Amendment;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to

that alleged by Plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

       d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

       e.    The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

       f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of Fourth Amendment violations against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

       g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations such as that experienced by Plaintiffs when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

21. As a result of unjustified and unreasonable conduct of Defendant Allegretti, as well as the City's policy and practice, Plaintiffs have suffered injuries, including emotional distress.

22. The misconduct described in this Count was undertaken by Defendant Allegretti within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### COUNT II - State Law Claim
### Assault

23. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

24. As described in the preceding paragraphs, the conduct of Defendant Allegretti created in Plaintiffs a reasonable apprehension of imminent harm, undertaken willfully and wantonly, and proximately causing Plaintiff's injuries.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' rights.

## Count III - State Law Claim

### Respondeat Superior

26. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

27. In committing the acts alleged in the preceding paragraphs, Defendant Allegretti was a member and agent of the Chicago Police Department acting at all relevant times within the scope of his employment.

28. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT IV - State Law Claim

### Indemnification

29. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

30. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31. Defendant Allegretti is or was an employee of the Chicago Police Department, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, LILIA ARIAS and MALGORZATA SOROKOSZ, respectfully request that this Court enter judgment in their favor and against Defendants, DEFENDANT ALLEGRETTI and THE CITY OF CHICAGO, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT ALLEGRETTI in

his individual capacity, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, LILIA ARIAS and MALGORZATA SOROKOSZ, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Amanda Antholt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900